IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH S. THOMAS, | No. CIV S-07-2465-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ARNOLD SCHWARZENEGGER, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's [amended] petition for a writ of habeas corpus.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509

(1982); 28 U.S.C. § 2254(b).[1]  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims. Specifically, petitioner asserts that he is challenging a conviction which arose from a plea of nolo contendere. Petitioner also states at pages 2 through 4 of the petition that he has not filed any actions in state court concerning the claims asserted herein.   Moreover, petitioner has not alleged that such remedies are no longer available.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be summarily dismissed for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 30, 2007

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[1]   A petition may, however, be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).